# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| KRISTEN NOEL DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:23-cv-00966 |
| ) | |
| HCA HEALTH SERVICES OF ) | JUDGE CAMPBELL |
| TENNESSEE, INC., *doing business as* ) | MAGISTRATE JUDGE FRENSLEY |
| *TriStar Southern Hills Medical Center*, et ) | |
| al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

Pending before the Court is Defendants' motion to dismiss (Doc. No. 17), which has been fully briefed and is ripe for review. (Doc. Nos. 22-23, 26). For the reasons discussed further below, the motion will be **GRANTED** in part and **DENIED** in part.

### I.   FACTS AND PROCEDURAL BACKGROUND

Plaintiff Kristen Noel Davis ("Davis") was employed by Defendant HCA Health Services of Tennessee, Inc., d/b/a TriStar Southern Hills Medical Center ("TriStar") for six years. (Doc. No. 1 ¶¶ 14, 77). During her employment, specifically in December of 2018 *and* 2021, two different ER Directors (both of whom were men) informed Davis that they had not considered her for a management position because she was a mother with young children. (*Id*. ¶¶ 15-18, 25-38). Davis reported the comments as discriminatory to TriStar within days of both instances, (*id*. ¶¶ 19, 32-34, 41-42), and has since faced constant humiliation and jokes at her expense, (*id*. ¶¶ 21, 44). Immediately following Davis's December 2021 complaint, TriStar cut her hours and number of charge shifts. (*Id*. ¶¶ 52-54).

While at work on March 8, 2022, Davis and two other hospital staff – including the Department Manager – assisted a distressed intubated patient whose sedation had worn off while the only physician in the department was actively resuscitating another patient. (*Id*. ¶¶ 61-68). The next day, TriStar put Davis on administrative leave without pay and informed her that she was under investigation in connection with her assistance to the intubated patient on March 8, 2022. (*Id*. ¶¶ 69-72). Despite the involvement of multiple hospital staff, Davis was the sole person subject to the investigation. (*Id*. ¶¶ 73-75). The ER Director who Davis had reported for discrimination less than three months earlier was one of the three individuals on the investigation committee. (*Id*. ¶ 76). Davis submitted a notice of constructive discharge on March 10, 2022, providing her last day of availability as March 24, 2022. (*Id*. ¶ 77). Despite the foregoing, TriStar kept Davis on its shift schedule for the next fifty days. (*Id*. ¶¶ 77-80, 114).

On June 13, 2022, Davis lodged a complaint against TriStar regarding the alleged conduct with the Equal Employment Opportunity Commission ("EEOC"). On June 14, 2023, the EEOC issued Davis a right-to-sue letter. (*Id*. ¶ 13). On September 10, 2023, Davis filed this lawsuit against TriStar, Amy Higgins, Jennifer Garrett, and Jeffrey Dykes for discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), intentional infliction of emotional distress, and declaratory relief concerning the circumstances surrounding her employment at TriStar. (Doc. No. 1). The complaint in this matter was filed without any attachments or exhibits. (*See id*.).

On December 7, 2023, Defendants filed the pending motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) with three exhibits attached. (Doc. Nos. 17, 17-2, 17-3, 17-4). Through the motion, Defendants argue the Title VII claims against the individual defendants fail as a matter of law and that the remaining claims are time barred. (*Id*.).

2

Case 3:23-cv-00966   Document 29   Filed 08/01/24   Page 2 of 6 PageID #: 129

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for failure to state a claim upon which relief can be granted. For purposes of a motion to dismiss, a court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id*. at 678. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Thus, dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Guzman v. U.S. Dep't of Children's Servs.*, 679 F.3d 425, 429 (6th Cir. 2012).

The statute of limitations is an affirmative defense. Fed. R. Civ. P. 8(c)(1). A plaintiff typically does not have to anticipate or negate an affirmative defense, such as the statute of limitations, to survive a motion to dismiss. *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012). Thus, a Rule 12(b)(6) motion is "generally an inappropriate vehicle for dismissing a claim based on the statute of limitations." *Id*. However, dismissal on timeliness grounds is appropriate "if the allegations in the complaint affirmatively show that the claim is time-barred." *Snyder-Hill v. Ohio State Univ.*, 48 F.4th 686, 698 (6th Cir. 2022) (internal quotations omitted). But "it is the defendant's burden to show that the statute of limitations has run." *Id*.

While the Court's decision to grant or deny a motion to dismiss "rests primarily upon the allegations of the complaint, matters of public record, orders, items appearing in the record of the

case, and exhibits attached to the complaint [ ] also may be taken into account." *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (citation and internal quotations omitted). The Court may also consider "exhibits attached to the defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein." *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680–81 (6th Cir. 2011) (citation omitted).

### III. ANALYSIS

As an initial matter, Davis concedes that her Title VII claims against the individual defendants should be dismissed. (Doc. No. 23 at 3). Accordingly, her Title VII claims against Defendants Higgins, Garrett, and Dykes will be dismissed. The Court will address Defendants' remaining arguments for dismissal in turn.

#### A. IIED Claim

Defendants argue the IIED claims are time-barred by Tennessee's one year statute of limitations for torts because Davis filed the complaint in this matter more than a year after the alleged factual basis for this claim. (Doc. No. 17-1 at 4 (citing Tenn. Code Ann. § 28-3-104; *Webster v. Sontara Old Hickory, Inc.*, 2021 WL 1857344, (M.D. Tenn. May 10, 2021)). Even viewing the factual allegations in the complaint in the light most favorable to Davis and drawing all reasonable inferences in her favor, Davis would still have needed to file her complaint by June 14, 2023, to be within the statute of limitations.

In her response to Defendants' motion to dismiss on statute of limitations grounds, Davis argues that the one-year limitations period should be equitably tolled by the EEOC investigation. As Defendants correctly assert in their reply, courts have rejected such an argument. (*See* Doc. No. 26 at 2 (citing *Roan v. Ensminger*, 294 F. Supp. 3d 758, 767 (M.D. Tenn. 2017) (the filing of an EEOC charge does not toll the one-year statute of limitations governing Tennessee torts); *Leeper*

4

*v. HealthScope Ben.*, 2020 U.S. Dist. LEXIS 47118, *11–12 (S.D. Ohio Mar. 18, 2020) (holding the same); *Parton v. Smoky Mt. Knife Works, Inc.*, 2011 U.S. Dis. LEXIS 102924, *25 (E.D. Tenn. Sept. 12, 2011) ("Defendants correctly asserted that the statute of limitations for state law claims . . . are not tolled during the filing process with the EEOC."); *Martin v. Boeing-Oak Ridge Co.*, 244 F. Supp. 2d 863, 872 (E.D. Tenn. 2002) (same)). Accordingly, Plaintiff's IIED claims will be dismissed as untimely.

**B. Title VII**

TriStar does not challenge the sufficiency of the complaint's factual allegations supporting the Title VII claims against it, but instead argues these claims must be dismissed because Davis failed to file her complaint within 90 days of receiving her right-to-sue letter from the EEOC. TriStar is correct in that "[o]nce the EEOC issues a right-to-sue letter, the employee has ninety days to sue the employer." *Logan v. MGM Grand Detroit Casino*, 939 F.3d 824, 828 (6th Cir. 2019) (citing 42 U.S.C. § 2000e-5(f)(1)). However, here, Davis filed her complaint on September 10, 2023, alleging that the EEOC issued Davis her right-to-sue letter on June 14, 2023. (*See* Doc. No. 1 ¶ 13). Taking the factual allegations in the complaint as true, the complaint was filed within the 90-day window.

Relying on documents neither referenced in nor attached to the complaint, (Doc. Nos. 17-2, 17-3, 17-4), TriStar claims the EEOC issued Davis a right-to-sue letter on June 2, 2023, and argues that for Davis to survive the present motion to dismiss, she must come forward with "definitive proof" that she did not receive a right-to-sue letter (Doc. No. 17-3) by June 7, 2023. (Doc. No. 26 at 4-5 (citing *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000)). TriStar's foregoing argument fails at the motion-to-dismiss stage because "a plaintiff need not respond to a motion to dismiss with affirmative matter raising a triable

5

issue of fact on an affirmative defense." *Rembisz v. Lew*, 590 Fed. App'x 501, 504 (6th Cir. 2014) ("This argument jumps the gun, as presenting evidence is one of the obligations imposed under Rule 56, not Rule 12, of the Federal Rules of Civil Procedure."). Additionally, TriStar's argument improperly draws factual inferences in the light most favorable to TriStar as opposed to Davis, the nonmoving party. Because Defendants' argument for dismissal of the Title VII claims fails at the pleading stage, the Court does not consider Defendants' exhibits (Doc. Nos. 17-2, 17-3, 17-4) in resolving the present motion.

    An appropriate Order shall enter.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE